IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CORY C. BEWLEY,<br><br>    Petitioner,<br><br>vs.<br><br>FRED BRITTEN, and THE ATTORNEY GENERAL OF THE STATE OF NEBRASKA,<br><br>    Respondents. | 8:17CV20<br><br>MEMORANDUM AND ORDER |

  This matter is before the court on Respondents' Motion for Summary Judgment. (Filing No. 11.) Respondents argue Petitioner Cory C. Bewley's Petition for Writ of Habeas Corpus (Filing No. 1) must be dismissed because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d). The court agrees and will dismiss the petition with prejudice.

## I. BACKGROUND

**A. Conviction and Direct Appeal**

  Bewley was convicted of second degree murder following a guilty plea in the Douglas County District Court. (Filing No. 9-2 at CM/ECF pp. 1-5.) The state district court sentenced Bewley to 40 to 60 years' imprisonment. (*Id*. at CM/ECF pp. 5-6.) On June 6, 2014, the Nebraska Court of Appeals affirmed Bewley's conviction and sentence on direct appeal. (Filing No. 9-1 at CM/ECF p. 2.) On July 18, 2014, the Nebraska Supreme Court denied Bewley's petition for further review. (*Id*.)

### B. Postconviction Motion

On June 14, 2016, Bewley filed a verified motion for postconviction relief in the state district court. (Filing No. 9-4 at CM/ECF p. 1.) On August 17, 2016, the state district court denied Bewley's motion as barred by the one-year limitations period under Neb. Rev. Stat. § 29-3001(4). (*Id*. at CM/ECF pp. 1-2.) Bewley did not appeal the order of the state district court. (Filing No. 1 at CM/ECF p. 2.)

### C. Habeas Petition

Bewley filed his Petition for Writ of Habeas Corpus (Filing No. 1) in this court on January 23, 2017. Thereafter, Respondents moved for summary judgment (Filing No. 11), arguing the habeas petition is barred by the statute of limitations (Filing No. 12). Respondents filed a Notice of No Response (Filing No. 13) because Bewley failed to file a response to their summary judgment motion. This matter is fully submitted for disposition.

## II.  ANALYSIS

### A. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates. 28 U.S.C. § 2244(d)(1). This case concerns only the first date listed in § 2244(d)(1): "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). "The statute of limitations is tolled while state post-conviction or other collateral review is pending." *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citing 28 U.S.C. § 2244(d)(2)).

Here, Petitioner's conviction became final on October 16, 2014, which is ninety days after the Nebraska Supreme Court affirmed Petitioner's conviction and sentence on direct appeal. *See Gonzalez v. Thaler*, 132 S.Ct. 641, 653–54 (2012) (holding that, for petitioners who do not pursue direct review all the way to the United States Supreme Court, a judgment becomes final "when the time for pursuing direct review in [the Supreme Court], or in state court, expires."); *King*, 666 F.3d at 1135 ("If the Supreme Court has jurisdiction to review the direct appeal, the judgment becomes final ninety days after the conclusion of the prisoner's direct criminal appeals in the state system.") (citing Sup. Ct. R. 13.1). Accordingly, the one-year limitations period began to run from October 16, 2014.

Petitioner's filing of his motion for postconviction relief in state district court on June 14, 2016, did not toll the limitations period because it had already expired. *See Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) (holding "the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period"). Thus, Petitioner had until October 16, 2015, to file his habeas petition. He did not file it until January 23, 2017. Petitioner's habeas petition is untimely under § 2244(d)(1)(A).

## B.  Equitable Tolling and Actual Innocence

The limitations period may be subject to equitable tolling. Generally, a litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). In addition, in *McQuiggins v. Perkins*, 133 S. Ct. 1924, 1928 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage of justice exception.

Bewley does not argue that he is entitled to equitable tolling. As such, Bewley has not presented the court with any reason to warrant the application of equitable tolling to the limitations period. Bewley alleges in his habeas petition that he is actually innocent because he acted in self-defense. To the extent Bewley attempts to be excused from the limitations period, rather than assert a free-standing actual innocence claim, "'[a]ctual innocence' means factual innocence, not mere legal insufficiency." *See Bousley v. U.S.*, 523 U.S. 614, 623 (1998) (citation omitted). Therefore, Bewley also has not presented the court with any reason to warrant the application of the miscarriage of justice exception.

### III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on a petition for writ of habeas corpus under § 2254 unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, Bewley has failed to make a substantial showing of the denial of a constitutional right. The court is not persuaded that the issues raised in the petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that:

1. Respondents' Motion for Summary Judgment (Filing No. 11) is granted.

2. Petitioner's habeas petition is dismissed with prejudice because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d).

3. The court will not issue a certificate of appealability in this matter.

4. A separate judgment will be entered.

Dated this 31st day of July, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge